## BOTMAN INTERNATIONAL, B.V.

v.

## INTERNATIONAL PRODUCE IMPORTS, INC.; Dirk J. Keijer; Clare A. Keijer.

No. 05–3651.

United States Court of Appeals, Third Circuit.

Argued on July 14, 2006.

Filed: Oct. 31, 2006.

Kenneth D. Federman, Esquire, Melvin C. McDowell, Esquire (Argued), Rothberg & Federman, Bensalem, PA, for Appellee.

Clare A. Keijer, Esquire, (Argued), Philadelphia, PA, for Appellants.

Before: SMITH, WEIS, and ROTH, Circuit Judges.

**OPINION**

ROTH, Circuit Judge:

This dispute arises out of the nonpayment of a debt between merchants and dealers in produce. For the reasons set forth below, we will affirm the District Court's grant of summary judgment in favor of Botman International, B.V., on all claims except for imposition of the constructive trust, on which we vacate the District Court's order and remand for further proceedings consistent with this opinion.

**I. Background**

Botman International is a Dutch corporation which exports perishable agricultural commodities into the United States. From November, 1997 until August, 1999, it sold and shipped over 460 individual shipments of produce to International Produce Imports, Inc. (IPI). IPI was originally a Pennsylvania corporation with its sole shareholders consisting of Dirk J. Keijer and his wife, Clare, but in mid–1999, Dirk Keijer acquired full ownership and directorship of IPI, which he reincorporated in Delaware. Dirk Keijer is a Dutch national and citizen.

IPI and Botman International began trading in the fall of 1997. In January 1998, Dirk Keijer and Adri Botman, president of Botman International, entered into an agreement for IPI and Botman International to continue trading. In particular, they agreed to written terms contained in the "Conditions of Sale Governing Export Transactions" (Conditions of Sale). Under this agreement, IPI purchased produce from Botman International. For each purchase, Botman International prepared a detailed invoice. During the course of these trades, IPI began to incur substantial debt to Botman International. In May, 1999, IPI's weak financial situation worsened considerably when IPI lost its major account as a supplier for Giant Foods. The Keijers subsequently met with Adri Botman to discuss the situation. After reaching a temporary resolution, IPI continued to purchase produce from Botman International until August 30, 1999.

Because of IPI's significant unpaid debt, Botman International sought protection in the form of a trust under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a, *et seq.*[1] On September 9, 1999, Botman International sent IPI written notice of its intent to preserve the trust benefits, covering a total of $433,079.54 in unpaid invoices from July

---

1. Under 7 U.S.C. 499e(c)(2), "[p]erishable agricultural commodities received by a commission merchant, dealer, or broker ... and any receivables or proceeds from the sale of such commodities ... shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents."

20, 1999, through August 25, 1999.[2] Ultimately, by September 29, 1999, IPI owed Botman International a then-undisputed balance of $1,464,233.75.

Botman International filed suit in the District Court on October 15, 1999, naming as defendants IPI, Dirk Keijer, and Clare Keijer. On November 4, 1999, the District Court entered a preliminary injunction against the defendants to enforce the PACA trust. In turn, IPI and the Keijers filed six counterclaims, alleging that Botman International had charged illegally inflated amounts on the transactions and breached an oral agreement to compensate IPI for its loss of the Giant Foods account. The District Court granted summary judgment against IPI on Botman International's claims of breach of contract, failure to maintain the PACA trust, and breach of fiduciary duty, and against Dirk Keijer on Botman International's claims for breach of fiduciary duty and to impose a constructive trust.[3] The District Court also granted summary judgment in favor of Botman International on all of IPI and the Keijers' counterclaims. In June 2005, the District Court entered a final judgment in favor of Botman International pursuant to Fed.

R.Civ.P. 54(b) and denied IPI's motion to compel additional discovery.

IPI and Dirk Keijer appealed, contending that (1) the District Court lacked subject matter jurisdiction because the parties entered into a choice-of-law agreement, (2) the District Court abused its discretion by entering a final judgment without allowing for additional discovery, (3) IPI and Dirk Keijer had maintained the PACA trust in accordance with applicable law, (4) the District Court lacked sufficient grounds to impose a constructive trust, and (5) genuine issues of material fact existed such that the District Court erred in granting summary judgment on five of the counterclaims.[4]

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331, 7 U.S.C. § 499e(c)(5)(i),[5] and 28 U.S.C. § 1367. We have jurisdiction over this appeal from a final judgment pursuant to 28 U.S.C. § 1291. Any choice-of-law agreement between the parties "does not oust the jurisdiction of the courts; in effect it merely constitutes a stipulation in which

**2.** In order to preserve the benefits of a PACA trust, the unpaid beneficiary must provide the indebted party with written notice of intent to preserve the benefits of the trust within thirty days of the time prescribed for payment. 7 U.S.C. 499e(c)(3).

**3.** The following counts remained unadjudicated: Count V—Action on Account Stated, Count VI—Unjust Enrichment, Count VII—Fraudulent Misrepresentation, Count VIII—Constructive Trust, Count XII—Dissipation of Trust Assets—PACA, Count XIII—Piercing Corporate Veil, Count XIV—Fraudulent Conveyance Against Individual Defendant D. Keijer, Count XV—Breach of Fiduciary Duty/Conversion—Constructive Trust Against Individual Defendant C. Keijer, Count XVI—Dissipation of Trust Assets—Constructive Trust Against Individual Defendant C. Keijer,

Count XVII—Breach of Fiduciary Duty/Conversion—PACA Against Individual Defendant C. Keijer, Count XVIII—Dissipation of Trust Assets—PACE Against the Individual Defendant C. Keijer, Count XIX—Piercing Corporate Veil Against the Individual Defendant C. Keijer, Count XX—Fraudulent Conveyance Against the Individual Defendant C. Keijer, Count XXI—Interest and Attorneys Fees.

**4.** Clare Keijer has appeared as the attorney for appellants.

**5.** "The several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary to prevent and restrain dissipation of the trust." 7 U.S.C. § 499e(c)(5).

the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction." *Central Contracting Co. v. Maryland Cas. Co.,* 367 F.2d 341, 345 (3d Cir.1966). Thus, the applicability of federal law in light of a choice-of-law clause is itself a federal question to be determined on the merits.

In reviewing the District Court's grant of summary judgment, our standard of review is plenary. *Hampe v. Butler,* 364 F.3d 90, 93 (3d Cir.2004). On review the appellate court is required to apply the same test a district court should have utilized initially. *Oritani Sav. and Loan Ass'n v. Fid. and Deposit Co. of Maryland,* 989 F.2d 635, 637 (3d Cir.1993) (citation and quotations omitted). As such, we may uphold the grant of summary judgment only if the submissions in the record show that "there is no genuine issue as to any material fact...." Fed.R.Civ.P. 56(c).

## III.  Discussion

### A.  Choice of Law

■ Appellants IPI and Dirk Keijer contend that the District Court erred in deciding this case under federal and Pennsylvania law in a United States court. They point to clauses in the Conditions of Sale that require all disputes between the parties to be subject to the exclusive jurisdiction and substantive laws of the Netherlands. Parties to a contract may select, in advance of litigation, the forum and the law under which their disputes will be settled. *See Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 202 (3d Cir.1983); *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 8–10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Although it is not obvious to what extent parties contracting to deliver produce in the United States may waive the provisions of PACA, or whether the parties did so effectively in this case, if the clauses in the Conditions of Sale were found to be valid and effective, they could bar Botman International from prosecuting its claims in this country.

Nonetheless, we need not make such a determination because IPI and Dirk Keijer have waived their choice of law defense. Although IPI and Dirk Keijer are correct that subject matter jurisdiction cannot be waived, *U.S. v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), the applicability of a forum selection or choice-of-law clause is not a jurisdictional issue and a party may waive its right to enforce it. *Neely v. Club Med Mgmt. Servs.,* 63 F.3d 166, 180 (3d Cir.1995) (en banc). It is well settled that if a party opposing a summary judgment motion fails to inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered, and that party loses the motion, it may not raise the issue on appeal. *E.g., Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir.1983). Although IPI and Dirk Keijer initially argued (incorrectly) in a motion to dismiss that the choice-of-law clause divested the District Court of subject matter jurisdiction, they failed to follow up on this position at summary judgment by arguing on the merits the choice-of-law clause. Instead, they prosecuted a series of counterclaims, based on the laws of the United States, demonstrating thereby an acknowledgment by them that their dealings with Botman International were now being subjected to United States law. Together, these facts indicate that neither the District Court nor Botman International had notice at summary judgment that IPI and Dirk Keijer intended to argue the merits of their choice of law defense. They are therefore precluded from raising this argument on

942

appeal.[6]

## B. Rule 54(b) Certification

■ Appellants argue that the District Court erred in granting Botman International's motion for final judgment pursuant to Fed.R.Civ.P. 54(b) without first allowing IPI to conduct additional discovery. Under Rule 54(b), a district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). We review a district court's Rule 54(b) certification decision for abuse of discretion. *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 441 (3d Cir.2003). The district court must make an "express determination" in which it "clearly articulate[s] the reasons and factors underlying its decision to grant 54(b) certification." *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir.1975). Five factors in particular are to be considered, *id.*, and in reviewing Botman International's motion, the District Court gave fair and explicit consideration to each. Particularly in light of the delay that Botman International already has faced, the District Court was well within its discretion to enter a final judgment under Rule 54(b) without making allowance for additional discovery.

## C. Liability on the PACA Trust

■ Dirk Keijer challenges the District Court's determination that he violated his fiduciary duties as a PACA trustee. A PACA trustee is responsible for ensuring

that the assets subject to the PACA trust actually are held in trust. In addition, an individual corporate officer who fails to do so may be found to have breached the fiduciary duty of care owed to the trust beneficiary. *Weis–Buy Services, Inc. v. Paglia*, 411 F.3d 415, 420–21 (3d Cir.2005). Trust assets need not be segregated, however, and accounts receivable are included in the calculation of assets available to the beneficiary. 7 U.S.C. § 499e(c)(2); 7 C.F.R. § 46.46(b). The trustee must also see to it that the assets are made "freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R. § 46.46(d)(1). In explaining its regulations, the Department of Agriculture has noted that "[i]t is the buyer's or receiver's responsibiliy as trustee to insure that it has sufficient assets to assure prompt payment...." 49 Fed.Reg. 45738 (Nov. 20, 1984). Thus, the duty to ensure that the relevant receivables are collected must fall squarely on the trustee, who is responsible for making the assets "freely available," not merely hypothetically reachable.

The District Court found that IPI's accounts receivables totaled $581,774.00, an amount sufficient to satisfy the PACA trust of $433,073.54. Accordingly, the District Court denied summary judgment on Botman International's claim of dissipation of trust assets. Many of IPI's assets were illiquid, however, and the District Court ruled that this illiquidity meant that the assets were not "freely available," so that IPI and Dirk Keijer—who maintained undisputed control over the trust assets—had

---

6. Appellants also may be judicially estopped from arguing that the laws of the United States do not apply to their dealings with Botman International. *See Carley v. Wheeled Coach*, 991 F.2d 1117, 1133–34 (3d Cir.1993). Although the best defense may sometimes be a good offense, a defendant cannot prosecute its counterclaims under federal law, then later, when unsuccessful on the merits, take the inconsistent position on appeal that the federal court was precluded from adjudicating that very controversy.

violated their fiduciary duties and failed to maintain the PACA trust.

Appellants IPI and Keijer challenge the District Court's grant of summary judgment on these two claims, arguing that liquidity is an improper benchmark when analyzing maintenance of a PACA trust. To the contrary, liquidity of assets is an essential feature of a PACA trust. Although the trust assets may be commingled to include a firm's accounts receivable, the trust ultimately is "made up of a firm's commodity related *liquid* assets...." *Weis–Buy*, 411 F.3d at 420 (emphasis added). *See also Sanzone–Palmisano Co. v. M. Seaman Enterprises, Inc.*, 986 F.2d 1010, 1013 (6th Cir.1993). This bright line of liquidity is sensible, because it prevents a trustee from paying its obligation to collect receivables onto the trust beneficiary.[7]

### D. Imposition of the Constructive Trust

■ In addition to its rulings on the PACA trust, the District Court also granted summary judgment against Dirk Keijer on Botman International's claim for imposition of a constructive trust in the amount of IPI's contractual debt, $1,464,233.75. This ruling is remarkable for two reasons. First, neither party moved for summary judgment on this claim. Second, the District Court provided no discussion on its ruling, which it simply attached to the end

of its discussion of Keijer's personal liability on the PACA trust.

We do not agree with the District Court's resolution of this issue. Although Pennsylvania law provides, as Botman International argues, that a constructive trust may be imposed on a theory of unjust enrichment, *Kohr v. Kohr*, 271 Pa.Super. 321, 413 A.2d 687, 691 (1979), the doctrine of unjust enrichment is by its nature inapplicable where the parties' dispute arises out of a written contract. *E.g., Lackner v. Glosser*, 892 A.2d 21, 34 (Pa.Super.Ct.2006). Because the District Court did not discuss the constructive trust at summary judgment, we cannot know the basis of its ruling—or, indeed, whether the District Court's decision was based on a dispute of material facts or on a ruling of law. As such, we will vacate the District Court's order imposing the constructive trust and remand this issue for further proceedings.

### E. Dismissal of Counterclaims

IPI and Dirk Keijer appeal the District Court's grant of summary judgment against them on five of their their six counterclaims.[8] These five counterclaims all stem from allegations that Botman International deceptively overcharged IPI for transportation costs. In reviewing the factual submissions in relation to these allegations, the District Court correctly concluded that the facts weighed so heavily in favor of Botman International that no

---

7. Liquidity may also be relevant to the question of whether the trust assets have been dissipated. Because a PACA trust is *"made up of* a firm's commodity related liquid assets," *Weis–Buy*, 411 F.3d at 420 (emphasis added), it is possible that illiquid assets should not be counted in a dissipation inquiry. This reading is further suggested by the regulations, which define dissipation as "any act or failure to act ... which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in con-

nection with produce transactions." 7 C.F.R. § 46.46(a)(2). We need not decide this issue, however, because the parties have not raised it on appeal.

8. Appellants do not contest the grant of summary judgment against them on their sixth counterclaim, for breach of a contract to compensate IPI. Nonetheless, it is plain from the record that no reasonable juror could have found the alleged contract to exist.

reasonable juror could find in favor of IPI and Dirk Keijer. Accordingly, its grant of summary judgment on these counterclaims was proper.

## IV. Conclusion

For the foregoing reasons, we will affirm in part the judgment of the District Court and we will vacate it in part. The case is remanded to the District Court for further proceedings regarding imposition of the constructive trust.